IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD PRUDEN,** | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-07-0768 |
| v. | : (Judge Caputo) |
| **DEPARTMENT OF CORRECTIONS,** | : |
| **Defendant.** | : |

**M E M O R A N D U M**

**I.    Introduction**

Plaintiff, Ronald Pruden, an inmate at the State Correctional Institution at Graterford ("SCI-Graterford"), Pennsylvania, commenced this action by filing a *pro se* civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  Defendant is the Pennsylvania Department of Corrections ("DOC").  Plaintiff claims that: (1) he is being denied his legal materials; (2) he has been assaulted by DOC staff as retaliation for some unspecified reason; (3) he has been denied medication prescribed by his personal physician prior to incarceration ("street medication"); and (4) he was improperly transferred to SCI-Graterford in March of 2007.  (Doc. 1 at 1-2.)  He seeks monetary damages for his pain and suffering and for his property loss.  For the reasons set forth below, the case will be dismissed under 28 U. S. C. § 1915A.

**II.    Discussion**

**A.    Preliminary Review of Complaint**

The Prison Litigation Reform Act ("PLRA") established new procedures for prisoners' civil rights actions filed in federal court.   Under § 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental

entity, or employees or officers of a governmental entity, and Section 1915A(b) requires courts to "dismiss the complaint . . . if the complaint . . . (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).  For the following reasons, the Court concludes that the DOC is immune from monetary relief, and the Court is required to dismiss the complaint.

### B.  Eleventh Amendment Immunity

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 action.  It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit.  *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991).

In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself."  *Id.* at 71.  "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."  *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider:  (1)

whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors.  *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the state agency Defendant (*see* 71 Pa. Cons. Stat. § 310-1) would have to be paid out of the Pennsylvania State Treasury.  Furthermore, Defendant receives all of its funding from the State, and does not enjoy any measure of autonomy.  Therefore, under *Will* and *Bolden*, Defendant is not a "person" for the purpose of § 1983 and, thus, not properly named a defendant.  Accordingly, the case will be dismissed under the provisions of 28 U. S. C. § 1915A(b)(2).  An appropriate Order follows.


Dated: May 15, 2007.                    /s/ A. Richard Caputo
                                        A. RICHARD CAPUTO
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-07-0768** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| Defendant. | : | |

# O R D E R

**AND NOW, THIS 15th DAY OF MAY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is **DISMISSED** under the provisions of 28 U. S. C. § 1915A(b)(2).

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                            /s/ A. Richard Caputo
                                                            A. RICHARD CAPUTO
                                                            United States District Judge